justment, and the adjustment, or payment thereof neglected or refused for thirty days after the presentation.

This statute requires a presentation of a claim for injuries resulting from negligence, and it requires that it be stated in the complaint. The complaint fails in this respect and the demurrer should, therefore, be sustained.

Judgment of special term reversed, and demurrer sustained, with leave to plaintiff to amend in twenty days, on payment of costs.

---

WILLIAM H. H. CHILDS, Respondent, v. WILLIAM MAYOR, as Executor, etc., Appellant.

*N. Y. Supreme Court, Second Department, General Term, May 13, 1889.*

*Reference. Not compulsory.*—A reference will not be ordered, where the result of the trial will be controlled by the question of warranty involved in the case, and the trial of the action will not involve the examination of a long account.

Appeal from an order of reference.

The action is brought for oil sold to defendant.

The defense sets up a warranty of the oil, a breach of the warranty and damages by reason thereof.

The bills of particulars of the claim and counterclaim contained, the former, about fifty items of sales at different times, and the latter, about the same number of items of damages.

After the cause was noticed and placed on the jury calendar, plaintiff moved for an order of reference on the ground that the trial would involve the examination of a long account. The defendant, in answer to this motion, admitted that all the oil claimed in plaintiff's bill of particulars, except one lot, had been delivered.

*William B. Lynes*, for appellant.

*John L. Shirley*, for respondent.

DYKMAN, J.—This is an appeal from a compulsory order of reference made upon the theory that the trial of the action will involve the examination of a long account.

An examination of the pleadings is sufficient to show that the result of the trial will be controlled by the question of warranty involved in the case, but in any view there is no such account as the law requires to justify a compulsory reference.

The order appealed from should be reversed, with ten dollars costs and disbursements.

BARNARD, P. J., concurs; DYKMAN, J., not sitting.

---

ROBERT C. DAVIDGE *et al.*, Respondents, *v.* WALLACE MAYO, Appellant.

*N. Y. Supreme Court, Second Department, General Term, May 13, 1889.*

1. *Counterclaim. Equity.*—In an equity action for an accounting, where both demands are upon contract, originally between the same parties, and in existence before plaintiff assigned his claim, which afterward was transferred back to the assignor, jointly with his wife, who then brought an action upon it, the defendant's claim can be availed of as a set-off against the wife; and, if such claim, as established, exceeds the plaintiff's cause of action, an affirmative judgment can be had against the husband.
2. *Same. Costs.*—Costs, in an action in equity, are in the discretion of the court.

Action for an accounting with regard to certain joint adventures and transactions in which the defendant and the plaintiff, Robert C. Davidge, had been engaged. The de-